UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22398-MC-MARRA/JOHNSON

THE PENSION COMMITTEE OF THE
UNIVERSITY OF MONTREAL PENSION
PLAN *et al.*,

                                      Plaintiffs,

v.

BANC OF AMERICA SECURITIES, LLC,
*et al.*,

                                      Defendants.



FILED by _____ D.C.
NOV 17 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SUBPOENAS

**THIS CAUSE** is before the court on Defendants The Citco Group Limited, Citco Fund Services (Curacao) N.V., Anthony J. Stocks, Kieran Conroy and Declan Quilligan's Motion to Compel Production of Documents Responsive to Subpoenas (DE 1), which is now ripe for adjudication.[1] After considering the parties' arguments, the undersigned grants the relief sought in the Motion.

## BACKGROUND

The Defendants seek an order compelling the production of documents pursuant to subpoenas served on the Receiver, DDJ Capital Management, LLC (DDJ), and Capitalink, L.C. (Capitalink). (DE 1 at 2, ¶ 4.) According to Defendants, the documents at issue (Disputed Documents)[2] are "relevant to various issues in this action, including the

---

[1] In the Response opposing this Motion, the movants are referenced as the Citco Defendants.

[2] The Receiver, DDJ and Capitalink provide a collective definition of the Disputed Documents as being "the H&W [Hunton & Williams law firm] Portfolio Memoranda, the DDJ

issue of the Plaintiffs' alleged damages." Id. Despite objections to the subpoenas as being "overbroad and vague" (DE 1 at 3, ¶ 6; DE 9 at 9, ¶ 46), the parties reached a compromise, agreeing that the Receiver, DDJ and Capitalink would produce the following categories of documents:

> (1) documents sufficient to show the holdings in the portfolios of the Offshore Funds [Lancer Funds] as of July 8, 2003;
>
> (2) documents relating to all sales of securities from the portfolios of the Lancer Funds from July8, 2003 to the present;
>
> (3) documents sufficient to show the current holdings in the portfolios of the Lancer Funds;
>
> (4) documents sufficient to show which securities the Receiver currently has not been able to locate; and
>
> (5) all valuation reports and supporting documents relating to all holdings in the portfolios of the Offshore Funds.[3]

(DE 1 at 3, ¶¶ 8 & 9; DE 9 at 9, ¶ 46.)

Despite the parties' production agreement, the Receiver, DDJ and Capitalink subsequently indicated to Defendants that they would not proceed with the document production because the agreed-upon categories contained information protected by the attorney-client privilege and/or work product doctrine.[4] (DE 1 at 4, ¶ 11.) Nonetheless, the Receiver, DDJ and Capitalink indicate that they "do not, on a wholesale basis, dispute the

---

Valuation Reports and the Capitalink Valuation Reports." (DE 9 at 7, ¶ 32.)

[3] The Receiver, DDJ & Capitalink refer to this grouping as the Limited Categories. (DE 9 at 9, ¶ 46.)

[4] The Receiver, DDJ and Capitalink represent to the court that "[t]he parties continue to discuss a consensual resolution of the issues presented by the [Defendants'] Subpoenas whle the Motion to Compel is pending, ncluding efforts to negotiate a consensual confidentiality agreement for documents within the [limited categories of the parties' agreement]." (DE 9 at 10-11, ¶ 53.) To date, the docket in this matter does not reflect any indication that the dispute has been resolved.

right of the Citco Defendants to obtain non-privileged, non-confidential documents in these categories," objecting only to providing documentation within a privileged and/or protected concept. (DE 9 at 10, ¶ 50.) The pleadings indicate that the Receiver, DDJ and Capitalink have not provided Defendants with a privilege log, and it does not appear from the arguments that any documents have been produced, regardless of the Receiver, DDJ and Capitalink's recognition of Defendants' entitlement to "non-privileged, non-confidential documents" in the agreed-upon categories. (DE 9 at 10, ¶ 50.)

## DISCUSSION

The Federal Rules of Civil Procedure strongly favor a full and broad scope of discovery whenever possible, allowing a party to obtain discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1); Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985).[5] "Relevancy" under Rule 26(b)(1) is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citation omitted).

Indeed, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues . . . . Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." Oppenheimer Fund, 437 U.S. at 351. "Discovery itself is designed to help define and clarify the issues." Id. In short, information can be relevant and, therefore, discoverable, even if not admissible at trial, so long as the information is reasonably

---

[5] It is a basic tenet that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507-08 (1947).

calculated to lead to the discovery of admissible evidence. Dunbar v. United States, 502 F.2d 506, 509-10 (5th Cir. 1974) (citations omitted).[6]

Moreover, the Federal Rules of Civil Procedure make it very clear that a party claiming a privilege to material sought through discovery "shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5). Further, the Local Rules for the Southern District of Florida also provide guidance in the preparation of a privilege log. See S.D. Fla. L.R. 26.1(G)(3)(b) & (c) (outlining generally proper identification of withheld data, privilege log contents).

The United States Supreme Court defines the attorney-client privilege as "the oldest of the privileges for confidential communications known to the common law," noting that "[i]ts purpose is to encourage full and frank communication between attorneys and their clients," and that the "privilege recognizes that sound legal advice or advocacy serves public ends and . . . depends upon the lawyer's being fully informed by the client." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (citation omitted). The privilege extends to a client corporation "which in theory is an artificial creature of the law, and not an individual." Id. at 389-90. The party invoking the attorney-client privilege bears the burden of proving that such relationship existed and that particular communications were made in confidence. Bogle v. McClure, 332 F.2d 1347, 1358 (11th Cir. 2003) (citing United States

---

[6] Fifth Circuit decision as they existed as of the close of business on September 30, 1981, are binding precedent on all federal courts within the Eleventh Circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1207 (11th Cir. 1981).

v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991)).[7]

Additionally, the work product doctrine protects the disclosure of materials prepared in anticipation of litigation by a party or by its representative, which includes its attorney. Fed.R.Civ.P. 26(b)(3). The work product doctrine "reflects the strong 'public policy underlying the orderly prosecution and defense of legal claims.'" United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir. 2001) (citing Hickman v. Taylor, 329 U.S. 495, 510 (1947)). In performing his duties it is essential for a lawyer to work "with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel," to and including assembling information and sifting through facts to separate what the lawyer considers to be relevant and irrelevant, to prepare a legal theory, and to plan strategy. Hickman v. Taylor, 329 U.S. at 510-11. An attorney's thoughts, therefore, must remain "inviolate." Id. at 511. Nonetheless, "[w]here relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of [a] case, discovery may be properly . . . had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts . . . . [o]r they might be useful for purposes of impeachment or corroboration." Id. In such instances, "production might be justified where the witnesses are no longer available or can be reached only with difficulty." Id. If production of such material were to be precluded, "the liberal ideas of the deposition-discovery portions of the Federal Rules of Civil Procedure would be stripped of much of

---

[7] The party asserting the privilege must show that the communication was "(1) intended to remain confidential *and* (2) under the circumstances was *reasonably* expected and understood to be confidential." Bogle v. McClure, 332 F.3d at 1358 (citing United States v. Bell, 776 F.2d 965, 971 (11th Cir. 1985)) (emphasis in original).

their meaning." Id. at 510-11. To overcome the protection afforded by the work product doctrine a petitioner "must show both a substantial need for the information" and that it cannot be obtained by other means. Id. (other citation omitted).

Here, after agreeing to specific categories of documents they would produce pursuant to Defendants' subpoenas, the Receiver, DDJ and Capitalink indicate that "[i]n gathering the Disputed Documents within these categories, the Respondents discovered that there were still thousands of responsive documents. The Respondents believed that the essence of what the Citco Defendants sought would be apparent in the Disputed Documents plus a small group of other documents." (DE 9 at 9, ¶ 47.) Apparently, at that point in time, the Receiver, DDJ and Capitalink advised Defendants that "they believed that the Disputed Documents were subject to the attorney-client and work product privileges," (DE 9 at 10, ¶ 48), causing the Motion at bar to be filed. There is no record of a privilege log being provided by the Receiver, DDJ and Capitalink. As a matter of fact, said parties indicate that they have "not finished reviewing the thousands of documents responsive to the Limited Categories, and accordingly, have not prepared a final privilege log relating to such documents." (DE 9 at 10, ¶ 50 n.1.) Also, the Receiver, DDJ and Capitalink suggest to the court that it perform "an *in camera* examination of the Disputed Documents prior to determining whether they must be produced." (DE 9 at 11, n.3.) The court declines the invitation by the Receiver, DDJ and Capitalik to conduct an *in camera* inspection while said subpoenaed parties admit that they do not know the exact extent of what it is they object to producing. Such inspection by the court is premature and an improper use of judicial time and resources. Additionally, in the absence of a privilege log and the production of documents not protected, it is impossible for Defendants to address the issue fully and for

the court to adjudicate the dispute.

As a result, it is hereby

**ORDERED AND ADJUDGED** that:

1.  Defendants' Motion to Compel (DE 1) is **GRANTED**;

2.  The Receiver, DDJ and Capitalink shall produced within fifteen (15) days of the date of this Order all documents within the categories agreed-upon by the parties which the Receiver, DDJ and Capitalink do not consider to fall in the ambit of any disclosure protection;

3.  At the time of the document production referred to above, the Receiver, DDJ and Capitalink shall also provide Defendants with a privilege log in accordance with the requirements under Fed.R.Civ.P. 26(b)(5) and S.D. Fla. L.R. 26.1(G)(3)(b) & (c);

4.  If the parties reach an agreement on the entire document production, they shall notify the court in writing within three (3) days of such conclusion of this dispute.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 17th day of November, 2008.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

Copies to:   Honorable Kenneth A. Marra, United States District Judge
All Counsel of Record